Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* DEBORAH SCHICK
and the Class

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>**NATIONAL PLAN ADVISORS, INC.,** a Florida corporation,<br><br>            Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1.      Plaintiff Deborah Schick ("Schick" or "Plaintiff") brings this Class Action Complaint against Defendant National Plan Advisors, Inc. ("NPA" or "Defendant") to: (1) stop Defendant's practice of placing calls using an automatic telephone dialing system ("ATDS") to the telephones of consumers nationwide without their prior express consent; (2) stop Defendant from calling consumers who are registered on the National Do Not Call Registry; and (3) obtain redress, including statutory damages, for all persons injured by Defendant's conduct. Plaintiff also seeks an award of pre- and post-judgment interest, court costs, and reasonable attorneys' fees.

1

2.    Plaintiff, for her complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3.    The Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. and its implementing regulations, 47 C.F.R. §64.1200, *et seq*. ("TCPA") prohibit companies, such as Defendant, from placing calls using an ATDS ("autodialed calls") to telephones without first obtaining consent.

4.    NPA has violated, and continues to violate, the TCPA by placing autodialed calls to telephone subscribers who have not expressly consented to receiving such calls, including calling consumers who are registered on the National Do Not Call Registry.

5.    In an effort to obtain leads for its services, NPA made (or had made on its behalf) autodialed (and/or prerecorded calls) to the telephones of Plaintiff and other members of the putative classes without first obtaining express consent to do so—all in violation of the TCPA.

6.    The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

7.    By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury, including the aggravation, annoyance, nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interrupted and interfered with Plaintiff's and the other Class

members' use and enjoyment of their cellphones, and diminished their ability to use and enjoy its related data, software, and hardware components. Defendant also caused substantial injury to the Class Members' phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

## PARTIES

8.     Plaintiff Schick is a natural person over the age of eighteen (18) and a citizen of the State of Arizona. Plaintiff resides in Maricopa County.

9.     Defendant National Plan Advisors, Inc. is a corporation organized in and existing under the laws of the State of Florida, with its principal place of business located at 3403 NW 9th Avenue, Suite 803, Oakland Park, Florida 33309.

## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

11.     This Court has personal jurisdiction over NPA because it solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

3

## COMMON ALLEGATIONS OF FACT

13.     Defendant National Plan Advisors, Inc. is an insurance agency that offers supplemental insurance plans—referred to as Medicare supplements or "Medigap" policies—to seniors who are insured through Medicare.

14.     Unfortunately for consumers, NPA casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its policies and related services, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed and/or pre-recorded calls to consumers' telephones including cellular telephones, including making such calls to consumers whose numbers have been registered on the National Do Not Call list (for at least thirty (30) days), all without any prior express consent to make these calls.

15.     While Autodialed Calls placed with prior express written consent do not violate the TCPA, Defendant placed (and continues to place) the calls at issue here using an ATDS without any prior express consent at all.

16.     Put simply, at no time did Defendant obtain prior express consent from the Plaintiff or any other members of the proposed Classes orally or in writing to receive the Autodialed Calls at issue here.

17.     In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an ATDS. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

18.     Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

4

19.     Defendant knowingly made, and continues to make, autodialed telemarketing calls without the prior express consent of the recipients, and to recipients who are registered on the National Do Not Call list. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

20.     Plaintiff Schick is the subscriber to and customary user of the personal cellular telephone ending in the last four digits 6443.

21.     Plaintiff Schick registered her phone number on the National Do Not Call Registry on or about April 11, 2004.

22.     On or about March 12, 2019, Plaintiff received a phone call from (925) 204-6325 which, on information and belief, is owned or operated by Defendant or its agents or others acting on Defendant's behalf.

23.     When Schick answered, she was met with dead air. Schick said "hello" several times to no response before hearing a "click" and connecting to a live representative, indicating that the phone call had been autodialed.

24.     Plaintiff was first connected to a representative named "Michael," who then transferred her to another representative named John Nealon, who is an agent listed on NPA's website.[1] Schick asked for an email but did not receive one. Instead, the representative referred her to the website nationalpa.org.

25.     John also gave Plaintiff a direct number to call him and stated that he would call Schick the following afternoon.

26.     Approximately a month later, on or around April 16, 2019, Schick received a call from (888) 202-0947. When answering, she spoke with a Michael

---

[1] *See* https://www.nationalpa.org/johnnealon.

5

Fraidin, another agent listed on NPA's website.[2] Michael identified himself as with National Plan Advisors, and he referred Schick to the nationalpa.org website. Michael stated that Plaintiff needed to complete an "application" to receive insurance, and Plaintiff asked for an email to verify the company that was calling.

27.   Schick thereafter received an email from the address mfraidin@nationalpa.org. The email referred to a Medicare Supplement Plan G, with a monthly premium of $111.64 per month.

28.   The following week, on or around April 24, 2019, Plaintiff received another call from (888) 202-0947. Just like the call she received in March, when Schick answered, she was met with dead air. Plaintiff said "hello" several times to no response, and the call then disconnected.

29.   Later that same day, Plaintiff received another call from (888) 202-0947, and this time was met with a live representative when she answered the phone.

30.   The representative identified herself as Janeen Curran, another agent listed on Defendant's website.[3] Janeen identified herself as with National Plan Advisors, and she reviewed several Medicare supplemental insurance options, including the Medicare Supplement Plan G for $111.64 per month—as previously described by Michael. Plaintiff asked for an email to verify the conversation, and Schick received an email from Janeen at the address jcurran@nationalpa.org.

31.   Plaintiff Schick never provided prior express consent either orally or in writing to receive autodialed calls from NPA or any of its affiliates or agents.

32.   To the extent any of the calls were made featuring a pre-recorded voice or similar technology, Plaintiff never provided prior express consent either orally or in writing to receive prerecorded calls from NPA or any of its affiliates or agents.

---

[2] *See* https://www.nationalpa.org/michael.
[3] *See* https://www.nationalpa.org/janeen.

33.     Plaintiff does not have a relationship with Defendant, has never provided her telephone number to Defendant or to any other person for the purpose of receiving calls by or on behalf of Defendant, and has never requested that Defendant place autodialed calls to her or offer her its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant to place autodialed calls (or prerecorded calls, to the extent any were made) to her and has no business or other relationship with Defendant.

34.     Defendant was, and is, aware that the above described autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

35.     By making unauthorized autodialed calls as alleged herein, NPA has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with and interrupted Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

36.     To redress these injuries, Plaintiff, on behalf of herself and Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited autodialed calls to telephones, and unsolicited phone calls to consumers who registered their phone numbers on the National Do Not Call list. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

1

## CLASS ACTION ALLEGATIONS

2

    37.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure

3

23(b)(2) and Rule 23(b)(3) on behalf of herself and two Classes defined as follows:

4

    **Autodialed No Consent Class**: All persons in the United States

5

who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class: (1) Defendant,

6

or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) using the same equipment

7

that was used to call the Plaintiff; (4) for the purpose of marketing or selling NPA's products and services; and (5) for

8

whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior

9

express consent to call the Plaintiff.

10

    **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of the initial complaint in

11

this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her

12

cellular telephone; (2) within any 12-month period; (3) where the cellular telephone number had been listed on the National

13

Do Not Call Registry for at least thirty (30) days; (4) for the purpose of marketing or selling NPA's products and services;

14

and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly

15

obtained prior express consent to call the Plaintiff.

16

    38.   The following people are excluded from the Classes: (1) any Judge or

17

Magistrate presiding over this action and members of their families; (2) Defendant,

18

Defendant's subsidiaries, parents, successors, predecessors, and any entity in which

19

the Defendant or its parents have a controlling interest, and its current or former

20

employees, officers and directors; (3) persons who properly execute and file a

21

timely request for exclusion from the Classes; (4) persons whose claims in this

22

matter have been finally adjudicated on the merits or otherwise released; (5)

23

Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives,

24

successors, and assignees of any such excluded persons. Plaintiff anticipates the

25

need to amend the Class definitions following confirmatory discovery regarding the

26

27

28

equipment used to make the calls, the purpose of the calls, and any supposed consent Defendant claims was obtained.

39.   **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers (or more) who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's business records and dialer reports.

40.   **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct. Plaintiff is a member of both Classes.

41.   **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to or in conflict with those of the Classes, and Defendant has no defenses unique to Plaintiff.

42.   **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)   Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

(c)     Whether Defendant made the calls with the use of an ATDS;

(d)     Whether Defendant repeated called persons whose numbers were listed on the national Do Not Call Registry; and

(e)     Whether Defendant's violations were knowing or willful so as to entitle members of the Classes to treble damages.

43.     **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct.

44.     Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Autodialed No Consent Class)

45.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46.   Defendant NPA, by and through its agents, made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to generate leads for Defendants' products and services

47.   Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

48.   Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

49.   By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

50.   As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section

227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

51.    Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-Recorded Message Class.

## SECOND CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Do Not Call Registry Class)

52.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

53.    47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy and their right to avoid receiving telephone solicitations they never agreed to receive.

54.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations*

12

*Implementing the Telephone Consumer Protection Act of 1991*,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[4]

56.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose

---

[4] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

13

behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

57.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58.     These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

59.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel regarding any do not call list, and by failing to record and honor do not call requests.

60.     Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

61.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that

comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

62.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

63.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Deborah Schick, on behalf of herself and the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff Schick as the representative of the Classes and appointing her counsel as Class Counsel;

B.      An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.      An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D.      An award of pre- and post-judgment interest;

E.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

Dated: January 16, 2020          **DEBORAH SCHICK**, individually and on behalf of all others similarly situated,


By: /s/     Penny L. Koepke
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*

17